# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CASTRO,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>NETWORK FINANCIAL COMPANY, ADVOCATE FOR FAIR LENDING, LLC, MARK A. SHOEMAKER, LAW OFFICE OF MARK A. SHOEMAKER, APC, NDEX WEST, LLC, LAW OFFICE OF MARK A. SHOEMAKER, APC, all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the Property adverse to Plaintiff's title, or any cloud on Plaintiff's title to the property, and DOES 1-100,<br><br>　　　　　　　　　　Defendants.<br>MARK A. SHOEMAKER,<br><br>　　　　　　　　　　Counter-Claimant,<br>　vs.<br>GEORGE CASTRO, NETWORK FINANCIAL COMPANY, US BANK NATIONAL ASSOCIATION, AMERICA'S SERVICING COMPANY, NDEX WEST, LLC, ANDREW H. GRIFFIN, III, and DOES 1 through 10,<br><br>　　　　　　　　　　Counter-Defendants. | CASE NO. 10cv243 WQH (KSC)<br><br>ORDER |

HAYES, Judge:

On December 31, 2009, Plaintiff initiated this action by filing suit in Superior Court of California for the County of San Diego against Network Financial Company, Advocate for Fair Lending, LLC, Mark A. Shoemaker, Law Office of Mark A. Shoemaker, APC, Ndex West LLC, America's Servicing Company ("ASC"), and U.S. Bank. The Complaint contained claims for violation of the Real Estate Settlement Procedures Act ("RESPA") under 12 U.S.C. § 2605 and the Truth in Lending Act ("TILA") under 15 U.S.C. § 1601.

On January 29, 2010, Defendants ASC and U.S. Bank filed a Notice of Removal removing the case to this Court asserting that federal question jurisdiction supported the removal. Defendants Advocate for Fair Lending, LLC, the Law Office of Mark A. Shoemaker, APC, Mark A. Shoemaker, and Ndex West LLC filed notices of consent to removal.

On February 5, 2010, Defendants ASC and U.S. Bank filed a Motion to Dismiss which was granted on April 27, 2010.

On July 13, 2010, Plaintiff filed his First Amended Complaint against the same Defendants. The First Amended Complaint contains the following federal claims: violation of RESPA against Network Financial Company and violation of TILA against Network Financial Company. The remaining claims are asserted under state laws.

On July 30, 2010, Defendants ASC and U.S. Bank filed a Motion to Dismiss Plaintiff's First Amended Complaint. On August 25, 2010, the parties filed a stipulation that Defendants ASC and U.S. Bank should be dismissed with prejudice. On October 18, 2010, Defendants ASC and U.S. Bank were dismissed with prejudice.

On January 26, 2012, the Magistrate Judge conducted a status conference. On February 2, 2012, the Magistrate Judge issued an order stating: "As to ... Network Financial Company, there is nothing in the docket to confirm this entity has ever been served and no counsel has ever appeared on its behalf.... Plaintiff is therefore ordered to serve the First Amended Complaint on ... Network Financial Company, no later than February 17, 2012 and file proofs of service with the Court, no later than February 22, 2012. Defendants will have 20 days to file

responsive pleadings from the date of service." (ECF No. 34 at 2).

On March 9, 2012, Defendant Mark A. Shoemaker filed an Answer and filed a Counter-claim asserting claims for indemnity against George Castro, Network Financial Company, U.S. Bank National Association, ACS, Ndex West LLC, and Andrew H. Griffin, III.

On April 6, 2012, NDEx West, LLC filed a Motion to Dismiss the Counter-Claim. On April 20, 2012, George Castro and Andrew H. Griffin, III filed a Motion to Dismiss the Counter-Claim.

To date, a proof of service for Network Financial Company has not been filed.

On June 11, 2012, this Court issued an Order stating:

> In this case, Plaintiff has asserted two claims pursuant to federal statutes against Network Financial Company. However, Plaintiff has failed to serve Network Financial Company. Plaintiff has not asserted that this Court has subject matter jurisdiction pursuant to diversity. Based on the record, the Court finds that federal question jurisdiction is lacking. ... The Court declines to exercise supplemental jurisdiction over the state law claims.
>
> This case was removed from state court. ... Pursuant to 28 U.S.C. § 1447(c), this action should be remanded to the California Superior Court for the County of San Diego, where it was originally filed and assigned Case No. 37-2009-00080288-CU-OR-SC....
>
> The parties are ORDERED TO SHOW CAUSE why this case should not be remanded to state court for lack of subject matter jurisdiction and/or why this Court should exercise supplemental jurisdiction by no later than July 2, 2012. If the parties fail to respond to this Order the case will be remanded to state court.

(ECF No. 62 at 3-4).

On June 13, 2012, Plaintiff filed a statement of no opposition to the Order to Show Cause. No other party filed a response to the Order to Show Cause.

IT IS HEREBY ORDERED that this action is remanded to the California Superior Court for the County of San Diego, where it was originally filed and assigned Case No. 37-2009-00080288-CU-OR-SC

DATED: July 9, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge